<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DAVID WYNN, | Civil Action No. 13-7445 (FSH) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION** |
| U.S. FEDERAL BUREAU OF PRISONS, | |
| Defendant. | |

**APPEARANCES**:

> David Wynn
> 161 Crescent Court
> Englewood, NJ 07631
> Plaintiff Pro Se

**<u>HOCHBERG, District Judge</u>**:

1. This matter is before the Court on Plaintiff's filing of a civil complaint, which the Court construes as having been filed pursuant to *Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), since Plaintiff's allegations stem from medical treatment received while incarcerated at Federal Medical Center Devens.[1]   Plaintiff has paid the filing and administrative fees.   As set forth below, the Complaint will be dismissed.

2. The following factual allegations are taken from the Complaint and are accepted for purposes of this screening only.   The Court has made no findings as to the veracity of Plaintiff's allegations.   Plaintiff names only U.S. Federal Bureau of Prisons (hereinafter referred to as "FBOP") as a defendant.    Plaintiff alleges that he was incarcerated at Federal Medical Center

---

[1] *Bivens* is the federal counterpart to 42 U.S.C. § 1983.   *See Walker v. Zenk*, 323 F. App'x 144, 145 n.1 (3d Cir. 2009) (per curiam) (citing *Egervary v. Young*, 366 F.3d 238, 246 (3d Cir. 2004)).

Devens from November 25, 2011 until September of 2012.   Compl., ¶ 1.   Plaintiff states that on or about December 6, 2011, he fell from a top bunk.   *Id.*, ¶ 3.   He complained of "headaches, tingling and numbness on the right side of the body."   *Id.*, ¶ 7.   Plaintiff states that he was later sent out for a CT scan on April 6, 2012.   *Id.*, ¶ 8.   He further states that "[b]ased on the medical records and results of tests," he suffered a fractured hip and had medical debris in his hip and pelvic area.   *Id.*, ¶ 9.   Plaintiff acknowledges that on May 21, 2012, he was advised by a doctor that the fractured hip was a result of a previous injury.   *Id.*, ¶ 10.   Plaintiff asserts negligence and malpractice with respect to his injuries and seeks relief in the form of compensatory and punitive damages.

3. The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a District Court to screen a complaint in a civil action in which a plaintiff is proceeding *in forma pauperis* or a prisoner is seeking redress against a government employee or entity.   The Court must *sua sponte* dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.   *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A.

4. Since Plaintiff has paid the filing fee, the Complaint will be screened pursuant to 28 U.S.C. § 1915A.

5. In order to state a claim under *Bivens*, a plaintiff must allege: (1) a deprivation of a right secured by the Constitution or laws of the United States; and (2) that the deprivation of the right was caused by a person acting under color of state law.   *See Couden v. Duffy*, 446 F.3d 483, 491 (3d Cir. 2006) (stating that under Section 1983 "an individual may bring suit for damages against any person who, acting under color of state law, deprives another individual of any rights, privileges or immunities

2

secured by the United States Constitution or federal law," and that *Bivens* held that a parallel right exists against federal officials).

6. To survive dismissal "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'   A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).   The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully.   Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief," and will be dismissed.   *Id.* at 678 (citations and internal quotation marks omitted); *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009) ("[A] complaint must do *more than allege the plaintiff's entitlement to relief*.   A complaint has to "show" such an entitlement with its facts.") (emphasis supplied).   The Court is mindful, however, that the sufficiency of this *pro se* pleading must be construed liberally in favor of the plaintiff, even after *Iqbal*.   *See generally Erickson v. Pardus*, 551 U.S. 89 (2007).

7. The Complaint is subject to dismissal with prejudice as to the named Defendant FBOP, because a plaintiff may not use a *Bivens* action to recover damages in a constitutional claim against the United States or its agencies, *see Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 72 (2001) ("[A] prisoner may not bring a Bivens claim against ... the United States or the BOP").

8. The Court notes that even if Plaintiff had named a proper defendant, the allegations as presented in the Complaint would fail to state a claim upon which relief may be granted because the facts alleged by Plaintiff do not demonstrate that any as yet unnamed defendants were deliberately indifferent to his medical needs.

3

9.  The Eighth Amendment proscription against cruel and unusual punishment is violated when prison officials are deliberately indifferent to a prisoner's serious medical needs.  *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976).   To set forth a cognizable claim for a violation of his right to adequate medical care, an inmate must allege facts demonstrating: (1) a serious medical need; and (2) behavior on the part of prison officials that constitutes deliberate indifference to that need.  *Id.* at 106.

10.   To satisfy the first prong of the *Estelle* inquiry, the inmate must demonstrate that his medical needs are serious.   Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are serious.  *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). Serious medical needs include those that have been diagnosed by a physician as requiring treatment or that are so obvious that a lay person would recognize the necessity for doctors attention, and those conditions which, if untreated, would result in lifelong handicap or permanent loss.  *Monmouth County Correctional Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987), cert. denied, 486 U.S. 1006 (1988), cited in *Brown v. Rozum*, 453 F.App'x 127, 128 (3d Cir. 2011).

11. The second element of the Estelle test requires an inmate to show that prison officials acted with deliberate indifference to his serious medical need.   Deliberate indifference is more than mere malpractice or negligence; it is a state of mind equivalent to reckless disregard of a known risk of harm.  *Farmer v. Brennan*, 511 U.S. 825, 837-38 (1994).   Furthermore, a prisoner's subjective dissatisfaction with his medical care does not in itself indicate deliberate indifference.  *Andrews v. Camden County*, 95 F.Supp.2d 217, 228 (D.N.J. 2000); *Peterson v.*

4

*Davis*, 551 F.Supp. 137, 145 (D. Md. 1982), aff'd, 729 F.2d 1453 (4th Cir. 1984).   Similarly, mere disagreements over medical judgment do not state Eighth Amendment claims.   *White v. Napoleon*, 897 F.2d 103, 110 (3d Cir. 1990).

12. Here, Plaintiff only alleges negligence with respect to his medical claims.   The factual allegations in the Complaint fail to state a claim because Plaintiff has not shown deliberate indifference on behalf of a viable defendant with respect to his allegations related to medical care while federally incarcerated.   Accordingly, this action is dismissed for failure to state a cognizable claim for relief under *Bivens*.

13. Thus, for the reasons set forth above, Plaintiff's complaint will be dismissed.   An appropriate order follows.


s/ Faith S. Hochberg
**FAITH S. HOCHBERG, U.S.D.J.**

DATED:   October 1, 2014